1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   LEANTHONY T. WINSTON,                    Case No.  1:24-cv-00824-JLT-HBK (PC)
12              Plaintiff,                     FINDINGS AND RECOMMENDATIONS TO
                                               DISMISS CASE WITHOUT PREJUDICE FOR
13       v.                                    FAILURE TO PROSECUTE[1]
14   LT. HOMES, OFFICER GONZALES, and          FOURTEEN-DAY OBJECTION PERIOD
     OFFICER KANTUA,
15
                Defendants.
16
17

18          This matter comes before the Court upon periodic review.  As more fully set forth below,

19   the undersigned recommends that the district court dismiss this case without prejudice due to

20   Plaintiff's failure to prosecute this action.  Specifically, Plaintiff did not pay the $405.00 fee,

21   move to proceed *in forma pauperis*, or timely respond to the Court's order.

22                    **I.       FACTS AND BACKGROUND**

23          Plaintiff LeAnthony T. Winston is proceeding pro se in this civil action filed on July 17,

24   2024.  (Doc. No. 1).  Plaintiff did not pay the filing fee or file an application to proceed *in forma*

25   *pauperis* ("IFP").  (*See* docket).  On July 18, 2024, the Court provided Plaintiff with 30 days to

26   either move to proceed IFP or pay the $405.00 filing fee.  (Doc. No. 3).  The Court enclosed an

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2023).

1 application and cautioned Plaintiff that if he did not timely comply with the Court's order, the

2 undersigned would recommend the case be dismissed.  (*Id.*).  As of the date of these Findings and

3 Recommendations, Plaintiff has not complied with the Court order and the time to do so has

4 expired.  (*See* docket).

5                                          **II.    APPLICABLE LAW**

6          All parties instituting any civil action, suit, or proceeding in a district court of the United

7 States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.  *See* 28

8 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only

9 if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*,

10 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

11 The court may dismiss an action where a party fails to pay the filing fee or otherwise move to

12 proceed *in forma pauperis*.  *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming

13 dismissal of pro se litigant's claim for failure to pay required filing fees).

14          Additionally, Federal Rule of Civil Procedure 41(b) permits courts to involuntarily

15 dismiss an action when a litigant does not prosecute an action or does not comply with a court

16 order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

17 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d

18 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that

19 courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local

20 Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court

21 order.  "District courts have inherent power to control their dockets" and, in exercising that

22 power, may impose sanctions, including dismissal of an action.  *Thompson v. Housing Auth., City

23 of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a

24 party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g.*,

25 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

26 court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

27 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

28 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### III.   ANALYSIS

Here, Plaintiff has not paid the filing fee for this action or applied to proceed *in forma pauperis*. Thus, the district court may dismiss this action for this reason alone. *In re Perroton*, 958 F.2d at 890.

Alternatively, the district court may dismiss the action under Rule 41(b). The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). The Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Because the Court cannot effectively manage its docket if Plaintiff ceases litigating his case the second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale, or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action. Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976).

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

"this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. This Court's July 18, 2024, Order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (Doc. No. 3 at 1). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, in the alternative, the undersigned recommends dismissal, without prejudice.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to pay the filing fee or move to proceed *in forma pauperis* and/or for failing to comply with a court order and prosecute this action.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1   Findings and Recommendations."  Parties are advised that failure to file objections within the

2   specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

3   838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

5   Dated:    August 27, 2024

6                                                                                      HELENA M. BARCH-KUCHTA
                                                                                      UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28