UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANTHONY WINSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>LT. HOLMES, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-0824 JLT HBK<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PAY THE FILING FEE |

On October 31, 2024, the Court ordered Plaintiff to pay the filing fee after finding he was not entitled to proceed *in forma pauperis* in this matter. (Doc. 13.) The Court denied Plaintiff's motion for reconsideration and again ordered Plaintiff to pay the filing fee. (Docs. 14, 15.) Thereafter, Plaintiff filed an appeal to the Ninth Circuit, which dismissed his appeal for lack of jurisdiction. (Doc. 19.) On May 23, 2025, this Court ordered Plaintiff to pay the filing fee within 21 days. (Doc. 20 at 1.) The Court informed Plaintiff that "[f]ailure to do so will result in dismissal of the action." (*Id.*) Despite this warning, Plaintiff failed to pay the required filing fee. Without such payment, the action cannot proceed before the Court. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

In finding dismissal is appropriate, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have an inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff delayed the action though his failure to obey the Court's order to pay the filing fee, the third factor also supports dismissal. Finally, the Court's warning to Plaintiff that the matter could be dismissed satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the Court **ORDERS**:

    1.    Plaintiff's complaint is **DISMISSED** without prejudice.

    2.    The Clerk of Court is directed to terminate pending motions and to close this case.

IT IS SO ORDERED.

Dated: June 19, 2025

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE